IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LIZZY JANE FRANCIS PLUG, Individually, as Next Friend of M.C., a minor, and on behalf of the Estate of Steven Craenmehr, deceased, and ELISABETH HENDRIKA SOPHIA MARIA SMIT, widow of M.G.H. Craenmehr and mother of Steven Craenmehr, Individually, | § | |
| Plaintiffs, | § | |
| v. | § | Case No. 1:15-cv-00322-LY |
| SXSW HOLDINGS, INC. f/k/a SXSW INC., SXSW LLC f/k/a SXSW TRANSITION, LLC, PATRICK LOWE, TRAFFIC DESIGN CONSULTANTS LLC, and RASHAD OWENS, | § | |
| Defendants. | § | |

**DEFENDANTS SXSW LLC AND SXSW HOLDINGS, INC.'S MOTION FOR PROTECTION AND STAY OF DISCOVERY PENDING CRIMINAL PROSECUTION OF DEFENDANT RASHAD OWENS**

TO THE HONORABLE LEE YEAKEL:

Defendants SXSW, LLC and SXSW Holdings, Inc. ("SXSW") respectfully move to stay discovery pending the criminal prosecution of Rashad Owens, for the same reasons that six related state court lawsuits have been stayed, and in interest of comity and judicial efficiency.

## I. Introduction and summary.

This lawsuit, together with six lawsuits filed in Travis County District Court and another one in Travis County Probate Court, all seek to hold SXSW liable for deaths and injuries inflicted by Rashad Owens on March 13, 2014. Owens' trial for capital murder, felony murder

and assault for those deaths and injuries begins on November 3, 2015. A temporary stay of discovery pending that trial is needed (1) to avoid effectively undoing a stay order entered in the six state district court cases; (2) to avoid prejudicing SXSW's rights while law enforcement evidence is unavailable; and (3) to avoid interfering with Owens' criminal prosecution.

The six state district court cases have been consolidated before Travis County District Judge Karin Crump and discovery stayed pending Owens' criminal trial. Because the plaintiffs in those cases refused to concede that Owens' conduct was criminal, SXSW sought discovery from the law enforcement agencies responsible for Owens' prosecution. Those agencies moved to quash any discovery prior to Owens' criminal trial. After considering input from all parties, the law enforcement agencies, as well as the judge presiding over Owens' criminal trial, Judge Crump temporarily stayed all discovery in the state cases pending entry of a judgment in Owens' criminal case, or further order of the court.

Despite SXSW's requests, Plaintiffs have refused to agree to an equivalent stay in this case. Plaintiffs' counsel here – who is also lead or co-counsel in all six state district court cases – intends to pursue full-blown discovery against SXSW, effectively negating Judge Crump's order. There is no justification, either in the discovery Plaintiffs are demanding or in this case's scheduling order, for circumventing that order. This case is not set for trial until June 2017, twenty-two months from now. Owens' criminal prosecution will be over in three months, at the most. And there are dispositive motions fully briefed and pending before this Court that should dispose of this entire case, without the need for any discovery from any party.

SXSW seeks a stay of discovery for the same reasons, and on the same terms, as the order entered by Judge Crump. Alternatively, SXSW seeks a stay pending a ruling on the pending dispositive motions.

## II. Procedural history.

According to a police affidavit, in the early morning of March 13, 2014, Defendant Rashad Owens fled a police stop, drove the wrong way down 9th Street, turned right into a barricaded block of Red River Street, ignored a police officer instructing him to stop, revved his engine, and accelerated northbound on Red River, running over multiple pedestrians in the closed street. *See* Mot. to Dismiss (Doc. 37), Ex. 1. He exited the closed-off block and continued north in the open road until, at 11th Street, he struck a taxi, forcing it into a bicyclist, Stephen Craenmehr, killing him. *Id*. Owens ran, but was quickly arrested. *Id*. He told police he fled because he had warrants out for his arrest and "didn't want to go to jail for 5 years." *Id*.

On December 18, 2014, nine months after the incident, this case and seven nearly-identical lawsuits were filed against SXSW. This lawsuit alone was filed in federal court, and in San Antonio, despite no connection whatsoever to that city.[1] Upon SXSW's contested motion, Chief Judge Biery transferred the case to the Austin Division on April 22, 2015. Following transfer, this Court stayed the case until July 1, 2015, when an agreed scheduling order was entered setting a trial date of June, 2017 – 22 months from now.

SXSW moved to dismiss the Complaint on March 20, 2015. Plaintiffs filed an Amended Complaint on April 17, 2015, attaching documents produced by SXSW in the state court lawsuits. *See* Amend. Comp. Ex. 17-18, 20. The Amended Complaint removed (but did not deny) the original Complaint's factual allegations showing that Owens' conduct was deliberate criminal conduct. However, Plaintiffs insist now that "Rashad Owens drove negligently and no more." Resp. to Mot. to Dismiss (Doc. 51) at 6. SXSW moved to dismiss the Amended

[1] Plaintiffs defended their choice of venue based on baseless speculation that *The Austin Chronicle* might someday publish articles about SXSW in order to prejudice the jury pool, without mentioning that they and their own lawyer were busily criticizing SXSW in media interviews and op-ed articles and were actively promoting their lawsuits on Twitter, Facebook and their lawyer's own website. *See* Reply in Support of Mot. to Transfer (Doc. 20) at 8-9, & Ex. 10-13.

Complaint on May 8, 2015, because Plaintiffs' tactical pleading omissions do not save their claims. *See* Mot. to Dismiss (Doc. 37). Defendants Lowe and Transportation Design Consultants, LLC, have also moved to dismiss; briefing on the Defendants' dispositive motions was completed on July 29, 2015, and the motions are ripe for decision.

**III. District Judge Karin Crump has stayed discovery in the six related state court lawsuits, pending Owens' criminal trial in November 2015.**

Six of the eight[2] lawsuits filed against SXSW are pending in Travis County District Court. Counsel for Plaintiffs here, Scott Hendler, has appeared on behalf of the plaintiffs in all six of those cases. *See* Ex. 9, 10. Like Plaintiffs here, the plaintiffs in those cases argued that they can avoid dismissal under *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749 (Tex. 1998), because Owens has not yet been convicted of a crime, suggesting that "[it] may turn out that Owens' shoelaces got caught up in the brake or gas pedal," causing him to turn right onto Red River and drive over dozens of pedestrians. *See* Ex. 2 at 4.

Given this argument, SXSW sought to compel evidence from the law enforcement agencies prosecuting Owens, to prove that Owens' conduct was, indeed, criminal. The law enforcement agencies refused to produce any witnesses or documents, moving to quash and filing a detailed affidavit stating that conducting discovery in the civil proceedings would interfere with Owens' prosecution. Ex. 5, 6, 8. Stymied in its effort to obtain evidence on a dispositive issue, SXSW moved to stay the state court cases pending Owens' conviction or acquittal, when that evidence would become available. Ex. 2.

Judge Crump held a hearing on July 15, 2015, where she indicated she had spoken with the judge presiding over Owens' criminal case, who had confirmed that trial will go forward on November 5, 2015. Ex. 7 at 5, 7. Indicating her inclination to stay discovery until Owens' trial

---

[2] Plaintiffs' counsel in this case filed an eighth case on April 29, 2015, 13 months after the incident, *Zamarripa v. SXSW Holdings, Inc.*, No. D-1-GN-15-001679, 98th District Court, Travis County Texas.

was over, Judge Crump directed the plaintiffs to explain how a brief stay would prejudice their claims. *Id*. at __. While the plaintiffs filed lengthy responses, they failed to identify any actual prejudice they would suffer from a short stay. *See* Ex. 3 at 1-21, Ex. 4 at 2.

On July 23, 2015, all six district court cases were assigned to Judge Crump. She consolidated them under one cause number and entered an order staying all discovery pending entry of judgment in *State of Texas v. Owens*, or until further order of the Court. Ex. 1.

## IV. This Court should temporarily stay discovery in this case for the same reasons that Judge Crump stayed discovery in the six related state cases.

Plaintiffs apparently intend to pursue full-blown discovery against SXSW in this case, while the six state district court cases are stayed, before Owens' criminal trial is held, and while the Defendants' dispositive motions are pending. Plaintiffs have refused to agree to a stay that tracks Judge Crump's order. *See* Cert. of Conf., below. Instead, on August 7, 2015, Plaintiffs served a Rule 30(b)(6) deposition notice demanding that SXSW produce witnesses on six topics within five days, and began serving written discovery three days later. Ex. 11, 12.

### A. Allowing discovery to proceed would effectively undo Judge Crump's order. Principles of comity should prevent that result.

From the start, this lawsuit has been carefully coordinated by Plaintiffs' counsel with the state court cases: it was filed the same day and announced in the same media interviews; the original Complaint closely tracked the state court petitions; the Amended Complaint was filed using documents obtained from the state court cases; and Plaintiffs' counsel in this case has either filed or appeared on behalf of all of the plaintiffs in the state district court cases. Plaintiffs are seeking to use this Court to circumvent an adverse state court ruling.

If discovery proceeds here, it will effectively nullify Judge Crump's carefully-considered stay order. SXSW will be compelled, again, to seek evidence from law enforcement while the

Owens criminal prosecution is pending. Given the overlap in plaintiffs' counsel, any discovery in this case will unavoidably be shared with the plaintiffs in the state court cases (as has occurred before). The efficiency and protection provided by Judge Crump's order will be lost.

While this Court is not bound by Judge Crump's order, principles of comity and federalism strongly support a concomitant discovery stay, so that this case is not used to undermine her ruling or interfere with a capital murder trial. In deciding whether to stay proceedings, federal courts frequently cite the interrelated principles of judicial efficiency and comity with pending state proceedings.[3] Seven of the eight lawsuits filed against SXSW are pending in state court; this diversity case could have be filed there, also. If discovery is not stayed, this single case will impact the course of all the other cases by effectively nullifying a carefully considered state court ruling.

**B. A stay is appropriate to avoid interference with Owens' criminal prosecution and protect SXSW's rights.**

Plaintiffs' Amended Complaint and their opposition to SXSW's motion to dismiss attempt to put at issue two dispositive facts: (1) whether Mr. Craenmehr was the victim of a crime; and (2) where Mr. Craenmehr was located when Owens caused his death. *See* Resp. to Motion to Dismiss (Doc. 51) at 5, 8-10 & n.5. As SXSW has explained in its motion and reply, neither issue is in doubt. The facts alleged in the Amended Complaint, taken as true, *still* show

[3] *See, e.g., Townson v. Crain Bros., Inc*., 2007 WL 2402634, *2 (E.D. La. 2007) ("[I]n the interests of judicial efficiency as well as comity, the Court finds it appropriate to stay the federal action pending the resolution of the state court proceedings."); *The Home Indemnity Co. v. Lowery Bros. Rigging Ctr., Inc*., 1998 WL 754555, *1 (E.D. La. 1998) ("In the interests of comity and judicial economy, this Court finds that the motion of defendant Lowery to stay these proceedings in deference to the concurrent state court litigation should be granted."); *Educare Community Living Corp.-Texas v. Wilmore*, 976 F. Supp. 1041, 1043 (E.D. Tex. 1997) ("[F]or purposes of comity and economy of judicial resources, the remaining issues in this declaratory judgment case should be stayed until the state court has had the opportunity to resolve the common law negligence action."); *E. Cornell Malone Corp. v. Sisters of the Holy Family*, 922 F. Supp.2d 550, 559 (E.D. La. 2013) (entering stay in light of parallel state court actions in interest of justice, and "economy of time and effort for itself, for counsel, and for litigants").

that Owens' conduct was criminally felonious, and Mr. Craenmehr's exact location when he was killed is not material, because it is uncontested that he was *outside* the barricades, riding his bicycle on a street that was open to vehicular traffic. *See* Mot. to Dismiss (Doc. 37) at 11 & Ex. 2; Reply (Doc. 57) at 5.

If Plaintiffs' transparently tactical pleading omissions are entertained, Plaintiffs have then made relevant the very evidence that law enforcement agencies are refusing to produce prior to Owens' criminal trial: the police vehicle dash camera videos; the testimony of the pursuing APD officers; Owens' post-arrest statements, etc. *See* Ex. 1 (noting 46 DVDs and 100 pages of documents submitted for *in camera* review). The law enforcement agencies have asserted, under oath, that discovery of such evidence will interfere with a capital murder prosecution. Ex. 8.

After judgment is entered in Owens' criminal trial, however, all the trial testimony and evidence will be available to all parties. At that point, the state court stay will be lifted and all parties may conduct discovery on equal footing. But Plaintiffs should not be permitted to use this case to again seek one-sided discovery against SXSW, or to impose substantial burdens on SXSW and the other Defendants through depositions, document requests and interrogatories at a time when SXSW cannot obtain evidence it would need to defend Plaintiffs' claims, should those claims survive Rule 12(b)(6) dismissal.

**C. Plaintiffs will suffer no prejudice from a brief stay of discovery.**

Like the plaintiffs in the state court proceedings, Plaintiffs here will not be prejudiced by a brief stay of discovery. They waited nine months to file suit, and risked additional delay by filing suit in an unsuitable forum. They amended their original Complaint to moot SXSW's first motion to dismiss. They did not seek discovery until after SXSW's second motion to dismiss was fully briefed and submitted. And, despite Judge Crump's specific request, the state court

plaintiffs could not identify any specific prejudice to them from a brief stay. Ex. 3. SXSW's electronic documents have been carefully preserved. Ex. 2 at 7 n.3. The discovery that Plaintiffs currently are demanding from SXSW – focused on net worth and financial information – is not urgent or even likely to be relevant.[4]

A temporary stay of discovery pending Owens' criminal prosecution would benefit all parties. The criminal trial itself is sure to generate extensive sworn testimony and admissible evidence regarding his conduct and the harm he caused. All claims against SXSW and the other Defendants arise out of the same incident and the exact same set of facts. A temporary stay would prevent this case from following a completely independent and costly path; a stay would allow for coordination among the parties and witnesses to avoid unnecessary duplication of efforts and costs, should this case survive dismissal. For instance, with sufficient cooperation from the plaintiffs' counsel, party and non-party witnesses could be deposed a single time, rather than two or three times. Document requests and production could be coordinated, rather than being served and answered piecemeal and repeatedly.

## V. This Court also may also stay discovery pending its ruling on the Defendants' 12(b)(6) motions to dismiss.

In addition, a temporary stay is appropriate pending resolution of the pending dispositive Rule 12(b)(6) motions "to conserve the resources of the parties." *Johnson v. PPI Tech. Servs., L.P.*, 2012 WL 5449636, *2 (E.D. La. Oct. 18, 2012, op. adopted) (staying Rule 26(f) initial disclosures, noting that Fifth Circuit "on numerous occasions upheld a stay and/or stayed discovery pending the resolution of a dispositive motion"). District courts are "vested with broad discretion regarding discovery," and it is "within the district court's discretion to stay

[4] Net worth may be relevant to determining exemplary in *some* cases, but not if Owens is convicted because "[i]n an action arising from harm resulting from an assault, theft or other criminal act, a court may not award exemplary damages against a defendant because of the criminal act of another." Tex. Civ. Prac. & Rem. Code § 41.005(a).

discovery pending resolution of dispositive motions … ." *Brown v. DFS Serv. L.L.C.*, 434 Fed. App'x 347, 352 (5th Cir. 2011). *See also Landry v. Air Line Pilots Assn. v. Intern.*, 901 F.2d 404, 436 (5th Cir. 1990) (no abuse of discretion in order staying discovery pending resolution of dispositive motions); *Enplanar Inc. v. Marsh*, 25 F.3d 1043, *2 (5th Cir. 1994) (table) (same).

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). The Defendants' pending 12(b)(6) motions, if granted, would resolve all claims against all parties except Rashad Owens himself. Plaintiffs fully responded to the pending motions; they did not claim to need discovery to do so. They first served discovery requests well after briefing was complete (and after Judge Crump issued her stay), and they are seeking information that is wholly irrelevant to the pending motions, such as SXSW net worth and financial data, and discovery that is enormously burdensome, such as SXSW documents going back to 1987, some *twenty-eight years*. *See* Ex. 12 at 5, 11. A short stay of discovery pending resolution of the dispositive motions would be entirely appropriate, to avoid potentially unnecessary burden and expense. *See, e.g., Petrus*, 833 F.2d at 582 (5th Cir. 1987) (upholding stay where nothing plaintiff "could have learned through discovery could have affected the resolution of defendants' 12(b)(6) motions").

**VI. Objections to Rule 30(b)(6) deposition notice.**

Out of an abundance of caution and in order to preserve specific objections to the Rule 30(b)(6) notice Plaintiffs served on SXSW (should the Court permit the deposition to go forward) SXSW asserts the following specific objections:

> Topic Nos. 1-2 as grossly overbroad and not reasonably calculated to lead to the discovery of admissible evidence because, *inter alia*, they seek 28 years of information, and are not reasonably tailored to any facts or issues relevant to this case.

Topic No. 3 seeks information stated on the face of documents which SXSW has produced, and compelling a witness to recite the contents of those policies is not reasonably calculated to lead to the discovery of admissible evidence and is harassing.

Topic Nos. 4-5 are overbroad, premature, and seek confidential and proprietary information that is not relevant because Plaintiffs are victims of a crime. Tex. Civ. Prac. & Rem. Code § 41.005(a). Moreover, a request to depose a witness on the broad topics of "revenue and profits" and "net worth," without limitation, is improper. *Jacobs, supra,* 300 S.W.3d at 45; *In re Arpin America Moving Sys., LLC,* 416 S.W.3d 927, 929 (Tex. App. – Dallas 2013, orig. proceeding) (request for gross total revenues overbroad).

Topic No. 6 is not reasonably calculated to lead to the discovery of admissible evidence.

**VII. Conclusion and prayer.**

For these reasons, SXSW respectfully requests the Court to stay discovery pending entry of judgment Rashad Owens' criminal trial and/or this Court's ruling on SXSW's motion to dismiss, or grant SXSW such other and further relief to which it may be justly entitled.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5764
(512) 536-9908 (Fax)

/s/ *Peter D. Kennedy*
Peter D. Kennedy
State Bar No. 11296650
Christopher L. Elliott
State Bar No. 06535400
pkennedy@gdhm.com
celliott@gdhm.com

**ATTORNEYS FOR DEFENDANTS SXSW HOLDINGS, INC. AND SXSW LLC**

**CERTIFICATE OF CONFERENCE**

On August 7, 2015, I asked counsel for Plaintiffs whether he would consent to the relief requested in this motion by sending the following email:

Dear Scott:

We have re-checked the pleadings and, with regard to a stay of discovery, we do not see a basis for distinguishing the Plug case from the six state district court cases that Judge Karin Crump stayed pending the outcome of Rashad Owens' criminal trial.

The Plug case arises out of the same event, and is controlled by the same law, as the six state court cases, three of which you have appeared in on behalf of other victims of Owens. The Plug case was filed on the same day as five of the state court lawsuits, and the complaint is very similar to the petitions in those cases. The Plug Amended Complaint even includes documents obtained from the state court cases. The Plug Plaintiffs have raised the same issues in opposition to dismissal that were raised in the state court cases, including the arguments that Owens merely drove negligently, and that Owens has not yet been convicted of a crime. Both of these issues, plus the exact location of Mr. Craenmehr when he was killed, will be resolved in Owens' criminal trial, which begins November 3.

Given these facts, will you agree to a temporary stay of discovery in the Plug case tracking the order Judge Crump entered in the state court cases, temporarily staying discovery until entry of judgment in the criminal prosecution of Rashad Owens, or further order of the court? - Pete Kennedy.

Peter D. Kennedy
Direct Phone: 512 480-5764
Direct Fax: 512 536-9908



GRAVES DOUGHERTY HEARON & MOODY

401 Congress Avenue, Suite 2200
Austin, Texas 78701
phone: 512.480.5600
www.gdhm.com

On August 7, 2015, I received this response stating that counsel for Plaintiffs did not agree:

No, I will not agree to such a stay.

**Scott Hendler**
CEO & Managing Attorney

1301 West 25th Street, Suite 400
Austin, Texas 78705
Tel 512-439-3200
Direct 512-439-3202
Mobile 512-658-1938
Fax 512-439-3201
shendler@hendlerlaw.com
www.hendlerlaw.com




/s/ *Peter D. Kennedy*
Peter D. Kennedy

**CERTIFICATE OF SERVICE**

On August 12, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Scott Hendler
Sean M. Lyons
Rebecca Ruth Webber
Hendler Lyons Flores, PLLC
1301 W. 25th Street, Suite 400
Austin, Texas 78705

and by First Class Mail to the following party who is not eligible for notification by the CM/ECF system:

Rashad Owens - 1410051
c/o Travis County Jail
500 W. 10th Street
Austin, Texas 78701

/s/ *Peter D. Kennedy*
Peter D. Kennedy

**EXHIBITS IN SUPPORT OF**
**DEFENDANTS SXSW LLC AND SXSW HOLDINGS, INC.'S**
**MOTION FOR PROTECTION AND STAY OF DISCOVERY PENDING**
**CRIMINAL PROSECUTION OF DEFENDANT RASHAD OWENS**

1. Order staying cases.
2. SXSW motion to stay, with exhibits.
3. Plaintiffs' response to motion to stay.
4. SXSW reply in support of motion to stay.
5. Austin Police Department motion to quash.
6. TCDC motion to quash.
7. Transcript on hearing on motion to compel/quash.
8. Affidavit in support of motion to quash.
9. Scott Hendler, Esq., appearance in *Nguyen* and *Sanchez* cases.
10. Scott Hendler, Esq., appearance in *Hall*, *Davis* and *O'Neal* cases.
11. Plaintiffs' Notice of Deposition.
12. Plaintiffs' Requests for Production and Interrogatories.